NO. 07-01-0296-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 10, 2002


______________________________



DAVID ANSLEY
,




 Appellant


v.



TANKCO SERVICES OF TEXAS, INC. 


and BARRY SEABRANCH, 




 Appellees

_________________________________



FROM THE 165TH DISTRICT COURT OF HARRIS COUNTY;



NO. 2000-39,495; HON. ELIZABETH RAY, PRESIDING


_______________________________



Memorandum Opinion


 _______________________________



Before BOYD, C.J., QUINN and JOHNSON, J.J.

 David Ansley (Ansley) appeals from a final summary judgment entered in favor of
Tankco Services of Texas, Inc. (Tankco) and Barry Seabranch (Seabranch). The latter
two parties had moved for summary judgment. Via four issues, Ansley contends that the
trial court erred in granting same. We reverse.


Background

 For purposes of this appeal, we note that the dispute between the parties involves
the enforcement of an oral agreement. The latter was made between Ansley and
Seabranch and concerned the purchase by Seabranch of Ansley's interest in Tankco. 
According to the representations contained in Ansley's summary judgment affidavit,
Seabranch agreed to purchase the interest for $243,000 payable in 72 semi-monthly
installments of $2750 and a final "balloon payment" of $45,000. In exchange, Ansley
would transfer his interest in the business to Seabranch, resign from the company's
employ, and cease his involvement in its operation and management.

 Upon entering the agreement, according to the attestations of Ansley, he and
Seabranch "told other employees of the business . . . that [Ansley] . . . sold [his] ownership
interest to [Seabranch] and that [Seabranch] now owned 100% of the business entity." 
Furthermore, Ansley "terminated [his] employment with Tankco" at "sometime between
March 1, 1999 and March 15, 1999" and became "involved in, and employed by, a
company in a different industry." Thereafter, on or about March 29, 1999, Seabranch
delivered to Ansley a check for $2750 with the notation "Pmt # 1" written in the lower left-hand corner of the instrument. Though the check was purported to be written on the
account of Tankco, it was signed by Seabranch in his individual capacity. Moreover,
Seabranch and Tankco stated in their original petition that Tankco "paid Ansley $2750
toward the acquisition of his interest" in the company, though the parties had allegedly not
agreed upon "the ultimate purchase price." (1) 

 Though Tankco was a corporation, Ansley had no stock to physically transfer to
Seabranch. This is so because he had never been issued any after acquiring his interest. 
Additionally, neither Tankco nor Seabranch disputed this. Nor did they dispute, for
purposes of this appeal, that Seabranch entered the agreement as described by Ansley. 
Rather, Tankco and Seabranch simply contended, via their motion for summary judgment
and on appeal, that the agreement was unenforceable due to the Statute of Frauds and
that no exception to the statute applied. Ansley responded by asserting that the doctrines
of complete performance, partial performance, and equitable estoppel prevented
application of the Statute of Frauds. The trial court subsequently granted the motion for
summary judgment stating therein that "the agreement as alleged by [Ansley] is barred by
the Statute of Frauds, Tex. Bus. & Comm. Code, §26.01, [sic] (a)(1) and (2) and (b)(6)." 
 Standard of Review

 The standards of review applicable to traditional and no-evidence motions for
summary judgment are well-settled. Rather, than discuss them, we simply cite the parties
to Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985) and Kimber
v. Sideris, 8 S. W.3d 672, 675 (Tex. App.--Amarillo 1999, no pet.). 


 Application of Standard

 It is clear that the Statute of Frauds does not apply where one party completely
performs his obligations under an oral agreement and the other knowingly accepts the
benefits of that performance and then partly performs his obligations. Avila v. Gonzalez,
974 S.W.2d 237, 246 (Tex. App.--San Antonio 1998, pet. denied); Carmack v. Beltway
Dev. Co., 701 S.W.2d 37, 40 (Tex. App.--Dallas 1985, no pet.). Construing the summary
judgment evidence in a light most favorable to Ansley (as we must), we find evidence of
1) an agreement to sell, 2) verbal transfer of the intangible property right or chose-in-action, 3) disclosure to others that Seabranch now owned 100% of the business, 4) a
directive by attorneys for Seabranch instructing Ansley to forego contact with Tankco
employees, 5) the absence of any involvement in the operation or management of Tankco
by Ansley since the agreement was executed, 6) Ansley's departure from the business and
employment by another company, 7) a check for $2750 given to Ansley as the first
payment for his interest in the company, and 8) a similarity between the amount of each
monthly installment required under the purported agreement and the amount of the first
check given in payment by Seabranch and Tankco. This is sufficient evidence to create
a material issue of fact regarding whether Ansley fully performed his promises (i.e
transferred his interest in the business), whether Seabranch reaped benefit from that
performance (i.e. the complete ownership and control of Tankco), and whether Seabranch
partially performed its promises under the agreement (i.e. made part payment for the
transfer). In other words, there is some evidence of record upon which a rational jury could
reasonably infer the existence of complete performance, as that doctrine is explained in
Avila and Carmack. 

 That Seabranch may cite to contradictory evidence matters not. Again, we must
view the evidence in the light most favorable to the non-movant, i.e. Ansley. Nor does the
evidence that the $2750 check may have been written on the account of Tankco cause us
to alter our conclusion. Again, both Tankco and Seabranch admitted in their original
petition that it was given in part payment for Ansley's interest. And, more importantly, it
was signed by Seabranch in his individual capacity (i.e. without designation that it was
signed on behalf of or as representative for another); thus, payment of the instrument
could be Seabranch's individual responsibility as well as that of Tankco. See Tex. Bus.
& Comm. Code Ann. §3.402(b)(1) (Vernon Supp. 2002) (stating when a representative of
another may be personally liable for the payment of an instrument). So, it cannot be said
with any certainty that Seabranch did not partially perform.

 Having found evidence sufficient to create a material issue of fact regarding
complete performance, we conclude that neither Tankco nor Seabranch were entitled to
summary judgment as a matter of law. Accordingly, the summary judgment is reversed and
the cause remanded for further proceedings.


 Brian Quinn

 Justice



Do not publish.

1. Pleadings usually are not competent summary judgment evidence; yet, admissions of fact contained
therein are. Elliott v. Methodist Hosp., 54 S.W.3d 789, 797 (Tex. App.-Houston [1st Dist.] 2001, no pet.). To
the extent that Seabranch and Tankco averred in their live pleading that the $2750 check was paid to Ansley
"toward the acquisition of his interest" in the company, that can be considered an admission by the court in
determining whether summary judgment was proper.